ERDMANN, Judge
(concurring in part and in the result):
I agree with the majority that the military judge erred by allowing Mr. Pagel to testify that the metal reflected in a photograph was solid gold rather than gold plate. Further, I agree that any error in Mr. Pagel’s testimony was harmless in light of the abundant evidence supporting the charge of robbery.
I respectfully disagree, however, that Mr. Pagel possessed the necessary expertise in either Cartier products or in the Cartier Tank Francaise watch in particular to render expert opinions about the characteristics of Cartier products. While Mr. Pagel was a jeweler and had some passing familiarity with Cartier watches, he did not deal in Cartier products and testified that he had not seen the particular model Cartier watch he was asked to identify. A Buick car dealer may be an expert in Buicks, but that does not necessarily make him an expert on a Mercedes SL600 Roadster, particularly if he has never even seen a SL600 Roadster before. In my view, Mr. Pagel did not possess specialized “knowledge, skill, experience, training, or education” to support a claim that he was an expert in Cartier products or in the Cartier Tank Francaise watch in particular. Military Rule of Evidence 702.
Nor do I believe that his testimony on the characteristics of the Cartier watch was necessary. The members of the court could have just as easily examined the Cartier advertisement and the photograph of the watch worn by Billings and drawn their own conclusions. The members were “qualified without such testimony ‘to determine intelligently and to the best possible degree the particular issue.’ ” United States v. Houser, 36 M.J. 392, 398 (C.M.A. 1993) (quoting State v. Chapple, 135 Ariz. 281, 660 P.2d 1208, 1219-20 (1983)). The members had no need for alleged expert assistance in comparing two photographs and determining whether the watches depicted were the same or similar.
Although I believe that the military judge abused his discretion in qualifying Mr. Pagel as an expert and in admitting his testimony as a whole, I agree with any error in this respect was harmless. Billings’s criminal liability for robbery flowed from her status as a co-conspirator. See Manual for Courts-Martial, United States (2002 ed.), pt. IV, ¶ 5c(5). There was substantial evidence of a conspiracy and that Billings was a member of the conspiracy: Billings was the leader of the Gangsters Disciples at Fort Hood and directed the activities of the gang; she was present when the robbery of the Monaghan Properties office was discussed by the gang; gang members committed the robbery; and Mr. Monaghan testified that his Cartier Tank Francaise watch was stolen during the robbery and he identified a photo of a Tank Francaise watch as an exact picture of the watch that was stolen. The testimony about solid gold versus gold plate and the “expert” picture comparison of watches was unnecessary.